# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

GENARO LAMBIASE,

      Plaintiff,

v.                                        Case No: 8:15-cv-2009-T-30TBM

DPT KENNEDY INC.,

      Defendant.

_____

## ORDER

THIS CAUSE is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint (Dkt. 9) and Plaintiff's Response in Opposition (Dkt. 11). Having carefully reviewed the pleadings and the relevant law, the Court concludes that the motion should be denied.

## FACTUAL BACKGROUND

In this three-count complaint, Plaintiff Lambiase alleges that his employer, Defendant DPT Kennedy Inc., failed to pay Lambiase his statutory minimum wage for work he performed and failed to pay his statutory overtime wage for work in excess of forty hours per week. These failures, the complaint alleges, violated the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (FLSA). The complaint also alleges that DPT Kennedy terminated Lambiase after he complained of workplace sanitation conditions, an employment action that violated the Florida Private Whistleblower's Act, Fla. Stat. § 448.102 (FPWA).

In the complaint, Lambiase more specifically alleges that he worked for DPT Kennedy, a deli and bakery located in Tampa, Florida, from 2008 to 2015. (Dkt. 1, pp. 1, 3). Lambiase further alleges that DPT Kennedy is an "employer" as that term is defined by the FLSA (Id. at 2); that Lambiase was a "non-exempt employee" as the term is defined by the FLSA (Id. at 3); that he worked at DPT Kennedy's direction and was not paid the FLSA-required minimum wage for all the hours that he worked (Id.); and that at various times he worked in excess of forty hours and was not paid overtime, as required by the FLSA, for those hours (Id. at 4). The complaint specifies that this conduct violated the FLSA "during the statutory period." (Id. at 4-5).

Lambiase also alleges that he complained that DPT Kennedy's handling of food violated Florida law, that his doing so qualifies as protected activity under the FPWA, and that soon thereafter DPT Kennedy terminated his employment in violation of the FPWA. (Id. at 6).

DPT Kennedy now moves to dismiss the complaint. As to counts 1 and 2, DPT Kennedy argues that Lambiase's complaint fails to state a cause of action within the applicable statute of limitations. (Dkt. 9, pp. 1-2). As to count 3, DPT Kennedy argues that Lambiase has failed to state a claim because he never stated with specificity the time and place of his objection to workplace conditions. (Id. at 2). DPT Kennedy also argues that Lambiase's objection "could well have" been made outside the statute of limitations period. On these grounds, DPT Kennedy argues, the complaint should be dismissed.

For the reasons discussed below, each of these arguments fail.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Legal conclusions in a pleading "are not entitled to the assumption of truth," unless they are supported by factual allegations. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

An affirmative defense raised in a motion to dismiss, on the other hand, generally fails to justify dismissal. This is because a plaintiff is "not required to negate an affirmative defense in [his] complaint." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). Accordingly, an affirmative defense will only support a motion to dismiss if the existence of the affirmative defense "clearly appears on the face of the complaint." *Quiller v. Barclays American/Credit, Inc.*, 727 F.2d 1067, 1069 (11th Cir. 1984); *see Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

## DISCUSSION

The statute of limitations is an affirmative defense. Fed. R. Civ. P. 8(c)(1). Counts 1 and 2 of Lambiase's complaint allege that DPT Kennedy's violations of the FLSA were willful and that they occurred "during the statutory period." This equates to a statute of limitations of three years if indeed the violations were willful, and two years if they were not. *See* 29 U.S.C. § 255(a). The complaint thus not only recognizes DPT Kennedy's

affirmative defense for certain FLSA violations (those occurring outside limitation period), but specifically limits the complaint to the statutory period. Therefore, the complaint has pleaded a cause of action within the statute of limitations. Counts 1 and 2 will not be dismissed.

On count 3, DPT Kennedy acknowledges that Lambiase's FPWA allegation may or may not have occurred within the applicable statute of limitations. With this acknowledgment, it cannot be said that the existence of this affirmative defense "clearly appears on the face of the complaint." *Quiller*, 727 F.2d at 1069. If anything, the face of the complaint suggests that the alleged FPWA violations occurred sometime in 2014 or 2015, which would be well within the statute of limitations. *See* Fla. Stat. § 448.103(1)(a). This is sufficient specificity to survive a motion to dismiss. If DPT Kennedy wants more, it may acquire it during discovery. Count 3 will not be dismissed.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss Plaintiff's Complaint (Dkt. 9) is DENIED.

2. Defendant shall file an answer to the complaint within fourteen (14) days of the entry of this Order.

**DONE** and **ORDERED** in Tampa, Florida, this 9th day of December, 2015.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record